# EXHIBIT 5

**CT Corporation**

**Service of Process Transmittal**
01/10/2014
CT Log Number 524189864

TO: Nanik Kirpalani
Mediterranean Shipping Company (USA) Inc.
420 Fifth Avenue
New York, NY 10018-

RE: **Process Served in Florida**

FOR: MSC Mediterranean Shipping Company SA (Domestic State: CH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Nikolay Trifonow, Pltf. vs. MSC Mediterranean Shipping Company SA, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Cover Sheet, Complaint |
| COURT/AGENCY: | Broward County Circuit Court, FL<br>Case # CACE14000200 |
| NATURE OF ACTION: | Employee Litigation - Personal Injury - On or about August 2012 - Plaintiff sustian a traumtic injury to his right arm while lifting a loaded food tray - Seeking damages |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Plantation, FL |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/10/2014 at 12:25 |
| JURISDICTION SERVED: | Florida |
| APPEARANCE OR ANSWER DUE: | Within 20 days after this summons is served on you, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Richard V. Alsina<br>Alsina & Winkleman, P.A.<br>One Biscayne Tower<br>Suite 1776<br>Miami, FL 33131<br>305-373-3016 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/10/2014, Expected Purge Date: 01/15/2014<br>Image SOP<br>Email Notification, Nanik Kirpalani nkirpalani@msc.us |
| SIGNED: | C T Corporation System |
| PER: | Donna Moch |
| ADDRESS: | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| TELEPHONE: | 954-473-5503 |

Page 1 of 1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 1/5/2014 4:28:11 PM. ****

Case Number: CACE-14-000200 Division: 12

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

NIKOLAY TRIFONOV,

    Plaintiff,

v.

MSC MEDITERRANEAN SHIPPING COMPANY SA,
MSC CRUISES (USA) INC., and MSC CROCIERE, S.A.

    Defendants.

_____/

1/10/14 12:28 pm

677 Ja

## SUMMONS

**THE STATE OF FLORIDA**

To All and Singular Sheriffs of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant:

**MSC Mediterranean Shipping Company, SA
Registered Agent – CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorneys, to wit: LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A. whose address is: One Biscayne Tower, 2 S. Biscayne Blvd., Suite 1776, Miami, Florida 33131; Telephone: (305) 373-3016

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you, exclusive of the day of service, to file a response to the attached Complaint with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. A phone call will not protect you. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on_____.

JAN 06 2014

Clerk of said Court

HOWARD C. FORMAN

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF <u>SEVENTEENTH</u> THE JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

Nikolay Trifonov
Plaintiff

vs.

MSC Mediterranean Shiping Company, S.A., MSC Cruises (USA), Inc., MSC Crociere, S.A.
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

III. REMEDIES SOUGHT (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. NUMBER OF CAUSES OF ACTION: (   )
(Specify)

4

V. IS THIS CASE A CLASS ACTION LAWSUIT?
- ☐ Yes
- ☒ No

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Ricardo V Alsina                      FL Bar No.: 883182
        Attorney or party                                  (Bar number, if attorney)

Ricardo V Alsina                                    01/03/2014
   (Type or print name)                                  Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

NIKOLAY TRIFONOV,

    Plaintiff,

v.

MSC MEDITERRANEAN SHIPPING COMPANY SA,
MSC CRUISES (USA) INC., and MSC CROCIERE, S.A.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges:

### PRELIMINARY ALLEGATIONS

1. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

2. Defendants, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

  e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendants are subject to the jurisdiction of the Courts of this state.

4. The causes of action asserted in this Complaint arise under Jones Act, 46 U.S.C. Section 30104, and the General Maritime Law of the United States.

5. At all times material hereto, Defendants, owned, operated, managed, maintained and/or controlled the vessel M/S MAGNIFICA. This vessel was registered in a flag of convenience.

6. At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

7. On or about August, 2012, Plaintiff suffered a traumatic injury to his right arm, while employed in the capacity of Assistant Dining Waiter on board the M/S MAGNIFICA. Plaintiff injured his right arm while lifting a loaded food tray.

8. Plaintiff reported to the ship's medical facility, was given anti-inflammatory medication and was recommended to take one day off duty.

9. On or about September 11, 2012, Plaintiff was referred to a shore side clinic. Plaintiff was examined, X-Rays were taken and he was diagnosed with ulnar nerve entrapment of the right elbow.

10. On or about October 16, 2012, Plaintiff underwent decompression of the right ulnar nerve. Physical therapy was recommended thereafter.

## COUNT I
## JONES ACT – NEGLIGENCE

11. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through ten as though they were originally alleged herein.

12. On or about August, 2012, Plaintiff was employed by Defendant(s) as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

13. It was the duty of Defendant(s) to provide Plaintiff with a reasonably safe place to work.

14. Plaintiff's injuries are due to the fault and negligence of Defendant(s), and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide and maintain proper and adequate equipment on board the vessel on which Plaintiff served to enable him to perform his work duties in a reasonably safe manner;

   b. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work;

   c. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of his employment on the Defendant's vessel on which he served.

   a. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work due to: 1) Assigning the Plaintiff to lift trays that was too heavy for him to safely lift by himself repetitively; 2) Failing to advise the Plaintiff of the total weight of the trays he was being made to lift prior to him having to lift them; 3) Failing to adequately limit the weight of each of the trays, Plaintiff was made to lift, to a weight that would be safe for a person to lift regardless of how many lifts that person had to do during his work day; 4) Failing to provide the Plaintiff adequate mechanical aids to assist him in doing his job; 5) Failing to adequately diagnose the Plaintiff's injuries when he first reported to the ship's medical facility with pain and each time he returned to the ship's medical department

seeking care for his conditions and instead sending the Plaintiff back to work on medication designed to mask his pain;

d. Failure to provide adequate instruction, and supervision to the Plaintiff and his fellow crew members assigned to supervise him;

e. Failure to provide prompt, proper, and adequate medical care to the Plaintiff to insure his condition was not aggravated and was properly treated by the Defendants ship board and shore side medical providers entrusted with the care of the Plaintiff;

f. Failure to provide Plaintiff reasonable hours of employment so as to not overwork him to the point of not being physically fit to carry out his duties. Plaintiff was overworked to the point of fatigue.

g. Defendants have failed to learn and apply the common and well known principles of industrial ergonomics on board the vessels on which Plaintiff served;

h. Defendants used outmoded work methods and procedures and neglected modern material handling techniques on board the vessels on which the Plaintiff worked;

i. Defendants failed to provide Plaintiff with mechanized aids commonly available in other heavy industries and at comparable land based jobs.

j. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

k. Failure to follow sound management practices with the goal of providing Plaintiff a reasonable safe place to work;

l. Prior to Plaintiff's accident, the Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger the hazard posed to the Plaintiff;

m. Defendants failed to perform an adequate pre-employment and re-employment physical on Plaintiff so as to determine the dangers to Plaintiff of working on the vessel prior to his accident;

n. Defendants failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

o. Defendants failed to select and utilize competent, skilled and properly trained medical care providers on board and shore side with proper and adequate medical equipment and expertise with which to provide the Plaintiff's with prompt, proper and adequate medical care.

p. Defendants failed to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crew members on the vessel the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57: 649-655 (October 2000).

q. Defendants failed to properly medically manage Plaintiff's medical care after Plaintiff was injured.

r. At all times material hereto, Defendants negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn the Plaintiff of the hazard. In addition,

Defendants violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessels on which the Plaintiff served. All of the above caused the Plaintiff to be injured and to not receive adequate care for his injuries.

15. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

16. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, and a reasonable fear of developing future physical and medical problems, experienced loss of enjoyment of life, physical disability and impairment, as well as being inconvenienced in the normal pursuits and pleasures of life. The Plaintiff further suffered feelings of economic insecurity caused by his disability, disfigurement, and the aggravation of any previously existing conditions there from, and incurred medical expenses in the care and treatment of Plaintiff's injuries. Further the Plaintiff has suffered physical handicap, lost wages, and income lost, and his working ability and earning capacity has been impaired. The Plaintiff's injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer his losses and impairments in the future. In addition the Plaintiff has lost past and in the future will loose the fringe benefits that come with the Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation pay, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

17. Plaintiff realleges, incorporates by reference and adopts paragraphs one through ten as though they were originally alleged herein.

18. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

19. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendants.

20. Defendants had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

    b.    On or about the previously stated date, the unseaworthiness of Defendants vessel was a legal cause of injury and damage to Plaintiff by reason of the following: : 1) Assigning the Plaintiff to repetitively lift trays that were too heavy for him to safely lift by himself repetitively; 2) Failing to advise the Plaintiff of the total weight of the tray he was being made to lift prior to him having to lift them; 3) Failing to adequately limit the weight of each of the trays, Plaintiff was made to lift, to a weight that would be safe for a person to lift regardless of how many lifts that person had to do during his work day; 4) Failing to provide the Plaintiff adequate mechanical aids to assist him in doing his job; 5) Failing to adequately diagnose the Plaintiff's injuries when he first reported to the ship's medical facility with pain and each time he returned to the ship's medical department seeking care for his conditions and instead sending the Plaintiff back to work on medication designed to mask his pain;

    a.    The vessel was not reasonably fit for its intended purpose;

7

  b. The vessel's crew was not properly trained, instructed or supervised;

  c. The vessel did not have a fit crew;

  d. The vessel did not have adequate manpower for the task being performed;

  e. The crew and the Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

21. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, and a reasonable fear of developing future physical and medical problems, experienced loss of enjoyment of life, physical disability and impairment, as well as being inconvenienced in the normal pursuits and pleasures of life. The Plaintiff further suffered feelings of economic insecurity caused by his disability, disfigurement, and the aggravation of any previously existing conditions there from, and incurred medical expenses in the care and treatment of Plaintiff's injuries. Further the Plaintiff has suffered physical handicap, lost wages, and income lost, and his working ability and earning capacity has been impaired. The Plaintiff's injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer his losses and impairments in the future. In addition the Plaintiff has lost past and in the future will loose the fringe benefits that come with the Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation pay, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

22. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through ten as though they were originally alleged herein.

23. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

24. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until he is declared to have reached maximum medical improvement (MMI) and/or maximum medical cure (MMC). This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

25. Maintenance and Cure is an on going obligation of the Defendants from the date of the Plaintiff's injury up through trial and at times beyond as Plaintiff's are allowed to bring serial lawsuits for maintenance and cure purposes. Although Maintenance and Cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC) it must be reinstated if the Plaintiff suffers a relapse of his condition that once again requires treatment to return the Plaintiff at the time of the declaration of MMI/MMC. In addition if an MMI/MMC declaration is challenged by another physician the conflict must be resolved in favor of the crew member receiving the additional care (treatment)/cure that is recommended.

26. In this case at the request of the Defendants' Medical Department, Plaintiff's treating doctor's which were chosen and paid for by the Defendant were pressured to deny Plaintiff all his curative care and prematurely cleared the Plaintiff to return to work.

27. Defendants' actions were willful and in callous disregard of the Plaintiff's rights additionally, the Defendants delayed, and/or failed and/or refused to pay Plaintiff's entire

maintenance and cure when due to the Plaintiff and has obligated the Plaintiff to retain the undersigned and to pay the undersigned a reasonable attorney's fee.

28. Defendants' failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

29. Plaintiff realleges, incorporates by reference and adopts paragraphs one though ten as though originally alleged herein.

30. On or about the previously stated date, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

31. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

32. Defendants through the ship's physicians and nurses negligently failed to promptly provide Plaintiff with prompt, proper, and adequate medical care.

33. As a direct and proximate result of Defendants failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, and a reasonable fear of developing future physical and medical problems, experienced loss of enjoyment of life, physical disability and impairment, as well as being inconvenienced in the normal pursuits and pleasures of life. The Plaintiff further suffered feelings of economic insecurity caused by his disability, disfigurement, and the aggravation of any previously existing conditions there from, and incurred medical expenses in the care and treatment of Plaintiff's injuries. Further the Plaintiff has suffered physical handicap, lost wages, and income lost, and his working ability and earning capacity has been impaired. The Plaintiff's injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer his losses and impairments in the future. In addition the Plaintiff has lost past and in the future will loose the fringe benefits that come with the Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation pay, and free air line ticket home and back.

34. This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Respectfully submitted,
LIPCON, MARGULIES,

ALSINA & WINKLEMAN, P.A.
Attorney for Plaintiff
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
Email:ralsina@lipcon.com

By: __*s/ Richard V. Alsina*__
    RICHARD V. ALSINA
    FL BAR NO 883182